### Bd. of Com. of Wapello Co. *v.* Sinnaman.

The district court is not authorized to direct or command the board of county commissioners to make certain allowances found to be due a party suing the board, but should render judgment for the amount against the commissioners.

If a creditor is dissatisfied with the allowance made to him by the board of commissioners, he has his election to appeal to the district court, or institute an action at common law against the board. But if a party accepts what is allowed by the commissioners, he should be precluded from recovering anything further, either by appeal or suit at law.

### Error, *to Wapello District Court.*

This suit was commenced before a justice of the peace, against the board of commissioners of the county of Wapello, and a judgment for the plaintiff was rendered. The commissioners took the case to the district court by appeal, where the cause was tried by a jury, who returned a verdict for Sinnaman of twenty-six dollars and

seventy-five cents, and also found that before the commence-
ment of the suit, he had presented his claim to the commis-
sioners, who allowed him the sum of twenty-two dollars and
fifty cents, but refused to allow the balance of his claim,
amounting to four dollars and twenty-five cents, which with
interest the jury found to be still due, and not allowed to the
plaintiff below. And thereupon the following judgment was
rendered in the district court : " It is considered by the court
that the defendants ought to allow, and they are commanded
to allow to the plaintiff the last mentioned sum, together
with the costs of this suit to be taxed, in addition to the
aforesaid sum by them formerly allowed on the same claim."

*J. C. Hall* and *H. B. Hendershot*, for the plaintiff in er-
ror, contended that the only method by which the district
court can get jurisdiction over a claim against the county, is
by appeal from the decision of the commissioners.    The law
creating the board of commissioners, fixes their duties and
liabilities, and provides for the redress of all who may have
dealings with them.    The very organization of counties calls
for this policy.    The board have no money.    They allow
claims, and the treasurer pays upon their order.    They can
be guilty of no breach of contract only by refusing the allow-
ance.    They can do no act only when they are in session.
3 Blackf. 501 ; 2 Kent, 275 ;  16 Mass. 86 ; 8 Ohio, 314.
Commissioners cannot appoint agents, 8 Ohio, 310 ; 4 Mass.
526 ; 12 ib. 189, 241 ; Angell & Ames on Cor. 210.

They cannot appoint an agent or make a contract by
parol.

The judgment rendered is no judgment, but an arbitrary
mandate of the court.

*S. W. Summers*, for the defendant.

*Opinion by* HASTINGS, C. J.   The judgment rendered in
this case is clearly irregular.   The court should have ren-
dered a judgment for the recovery of money against plain-

tiff in error, or a judgment for the defendant. The judgment seems to be in the nature of a mandamus commanding the board of commissioners to make certain allowances to defendant in error, which we think the court was not authorized in this suit to do.

The statute makes the board of commissioners of a county a body corporate and politic, capable of suing and being sued, and provides that any person having a claim against the county may sue the board, but provides that the creditor shall first present his claim to the board for judgment, and if any such person shall feel aggrieved by the decision of the board, he shall have the right to appeal to the district court.

It is claimed by plaintiff's counsel that the only remedy for a creditor is, if dissatisfied with the decision of the board, by appeal to the district court. We think the common law remedy by action against the board is not abolished by these provisions in the statute: that a creditor has his election to appeal or to institute an action. If the plaintiff in this case presented his claim for allowance and it was in part allowed by the board, and he accepted the amount thus allowed, he should not be permitted to afterwards sue for the balance.

The acceptance of the part allowed should be considered satisfaction for the whole. If the party desired to bring suit, he should repudiate the allowance, refuse to accept the amount allowed, and bring his action or appeal to the district court.

It does not appear of record whether the plaintiff in error accepted the amount allowed. If he did, no judgment should be rendered for any part of his demand. If he did not, the court below should have rendered a judgment for the amount found to be due by the jury.

The act organizing a board of county commissioners in each county, and the 32d section of the Practice Act, providing for service of process on the board of county commissioners, show that it was not the intention of the legis-

lature to deprive the creditors of a county of the common law remedy as against any other corporation.

The judgment, however, for reasons above first stated, must be reversed and cause remanded for the further action of the court below.

Judgment reversed.